UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Justin R. Mitchell, #44363, *a/k/a Justin Randolph Mitchell,* | ) ) | C/A No.  4:25-5288-BHH-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | Report and Recommendation |
| Ed Clements, Jaynie Danielle Leftridge, Samuel H. Ervin, | ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil action filed by a former pretrial detainee, proceeding *pro se* and *in forma pauperis*.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the

complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff's action is subject to partial summary dismissal for failure to state a claim upon which relief can be granted as to Defendants Clements and Leftridge. Plaintiff alleges that he brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 4). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."

*Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his Fourth, Fifth, Eighth, and Fourteenth Amendment rights have been violated. (ECF No. 1 at 4). Plaintiff alleges he and the "alleged victim" were at her apartment in March 2025 when police knocked, but there was no encounter at that time because Plaintiff did not answer the door. Plaintiff alleges he then left with the "alleged victim" by cab to go pick up his car for a show at the beach. Plaintiff alleges he was at the beach from March 10 to March 14. (ECF No. 1 at 8). Plaintiff alleges Defendant Ervin made false allegations to a judge on March 10, that a third party had called a welfare check as to the "alleged victim" because she reached out for help stating Plaintiff held a gun to her head, told her not to go outside, and that Plaintiff allegedly forced her to call police and tell them everything was okay. (ECF No. 1 at 9-10). On March 20, 2025, Plaintiff was arrested. Plaintiff alleges Ervin made the "victim" write a false statement about what happened on March 10 and that Ervin lied to the judge to gain the warrants. (ECF No. 1 at 10). Plaintiff alleges while being assaulted by "agents," Ervin illegally searched Plaintiff's trunk and found a gun. (ECF No. 1 at 10). Plaintiff alleges on March 21, his "victim" told the judge that she "lied." (ECF No. 1 at 11). Plaintiff was not given a bond. (ECF No. 1 at 11). In May, the "victim" went to Plaintiff's hearing and said she had pressed false charges. (ECF No. 1 at 12). On May 28, Plaintiff's kidnapping and domestic violence charges were dismissed. Plaintiff pleaded to possession of firearm for time

served. Plaintiff requests monetary damages. Plaintiff attaches arrest warrants. Plaintiff alleges Ervin's statements about what happened on March 10 were false. Public records appear to support some of Plaintiff's allegations as to his "alleged victim" and as to the dropping of some of the charges. Plaintiff does not appear to have been indicted on the dismissed charges. These allegations liberally construed are sufficient at this procedural stage to withstand summary dismissal as to Defendant Ervin and this same day service and issuance of summons as to this Defendant has been authorized by separate order.

Defendant Clements and Leftridge are both listed as solicitors. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 338-44 (2009); *Dababnah v. Keller–Burnside*, 208 F.3d 467, 470 (4th Cir.2000). Prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Defendant Clements and Leftridge are subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case. It is recommended that the District Court dismiss Defendants Clements and Leftridge *without prejudice* and *without issuance and service of process.* In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendant Ervin.

|  |  |
|---|---|
| August 18, 2025<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).